IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RICHARD FRANCIS,

    Plaintiff,

v.                                      CASE NO. 1:22-cv-109-AW-GRJ

MAYO CORR. INST., et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at the Okaloosa Correctional Institution, initiated this *pro se* action by filing a handwritten letter purporting to bring claims against four corrections officers for an alleged physical assault that occurred on November 2, 2018, while Plaintiff was confined at Mayo Correctional Institution. ECF No. 1. Plaintiff did not include either the mandatory $402 filing fee or a motion for leave to proceed in forma pauperis with his complaint.

Upon screening pursuant to 28 U.S.C. § 1915A, the Court concluded, among other things, that Plaintiff needed to submit his complaint on the approved form for the Northern District. "The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed

1

on the proper form." N.D. Fla. Loc. R. 5.7(A).  The Court therefore ordered Plaintiff to file an amended complaint using the proper form and to either pay the filing fee or file a motion to proceed in forma pauperis on or before June 17, 2022.  ECF No. 3.  Plaintiff was warned that failure to comply could result in a recommendation that this case be dismissed without further notice.  *Id*. at 3.

After Plaintiff failed to meet the June 17, 2022 deadline, the Court entered an order directing Plaintiff to show cause on or before July 19, 2022, as to why his case should not be dismissed for failure to prosecute and for failure to comply with a court order.  ECF No. 4.  The July 19, 2022, deadline has passed, and Plaintiff has still not responded.   Accordingly, it is respectfully recommended that this case be dismissed without prejudice.

This Court may dismiss an action "for failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure," *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985) (citation omitted); *see also Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir.2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.") (*citing* Fed. R. Civ. P. 41(b)).  However, a dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay

or contumacious conduct by the plaintiff." *McKelvey v. AT&T Techs., Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986) (citation and internal quotation marks omitted).  Such conduct includes "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.,* 304 F.3d 1, 4-5 (1st Cir. 2002).  That said, *pro se* litigants still must comply with federal procedural rules and local court rules. *See, e.g., Wayne v. Jarvis,* 197 F.3d 1098, 1104 (11th Cir. 1999), overruled on other grounds by *Manders v. Lee,* 338 F.3d 1304, 1328, n.52 (11th Cir. 2003).

In this case, it has been two months since the Court directed Plaintiff to cure his deficiencies; yet he still has not paid the filing fee or moved to proceed as a pauper let alone amend his complaint using the proper form. "A civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]."  N.D. Fla. Loc. R. 5.1(H). Moreover, the Court warned Plaintiff on two separate occasions that non-compliance with court orders would result in dismissal without further notice.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for failure to pay the filing fee (or move to

3

proceed in forma pauperis), failure to prosecute, and for failure to comply with court orders.

**IN CHAMBERS** at Gainesville, Florida this 26th day of July 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PLAINTIFF**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.